IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SATOSHI NAKAMOTO, *et al.*,

    Plaintiffs,

v.

THE UNITED STATES, *et al.*,

    Defendants.

CIVIL ACTION

NO. 1:21-cv-04260-SCJ

## ORDER

This matter is before the Court on *pro se* plaintiff Satoshi Nakamoto's ("Nakamoto") affidavit and application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). [Doc. 1].[1] After consideration by the Court of the affidavit of indigency only, Nakamoto's request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a), and she shall be allowed to proceed with this action without prepayment of filing fees, docket costs, or United States Marshals Service fees.[2] However, it is further **ORDERED** that service of process

---

[1] The document and page numbers listed in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Robert Meyring ("Meyring") of the Meyring Law Firm is also listed as a plaintiff in this action. See [Doc. 1-2 at 7]. However, only Nakamoto has filled out the application to proceed *in forma pauperis*. See [Doc. 1]. In the complaint, Nakamoto asserts that Meyring is her "attorney who is also [her] equal 50% business partner"

shall not issue at the present time, and the Clerk shall submit this file to the assigned District Judge for a frivolity determination under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**, this 13th day of October, 2021.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

and that she "swore to him privately that [she] would act to file this saying as little as possible and then sit down and shut up and let him do his job," [Doc. 1-2 at 8], but later asserts that she is filing this case "with Meyring's knowledge and naming him as a [p]laintiff but upon a same petition of in forma pauperis and/or a Motion to Waive Fees" and that "[a]ll [d]efendants in the least are charged with the criminal federal violation of the civil rights of . . . Meyring," [id. at 9]. "The right to appear *pro se*, however, is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (unpublished) (citations and internal marks omitted); see also Meier v. Deutsche Bank Tr. Co. Ams., No. 2:09-cv-169-FtM-29SPC, 2012 WL 1288764, at *1 (M.D. Fla. Apr. 16, 2012) (citation omitted). Thus, "if multiple parties seek to proceed [*in forma pauperis*], each party must qualify for [such] status." Coleman v. Sprint Nextel, CIVIL ACTION FILE NO. 1:19-cv-0953-WMR, 2019 WL 2291884, at *1 (N.D. Ga. Mar. 4, 2019) (citations omitted); see also Wells Fargo Bank, N.A. v. Miller, CIVIL ACTION NO. 1:13-cv-03540-TCB-RGV, 2013 WL 12383153, at *2 n.1 (N.D. Ga. Nov. 8, 2013), adopted by 2013 WL 12383154, at *2 (N.D. Ga. Dec. 2, 2013) (citation omitted) ("To the extent all of the [parties] seek to proceed in this Court *in forma pauperis*, they all must complete and sign an application, fully explaining their potential assets and including income and expense information for all parties."). Meyring "did not provide the Court with an application and affidavit for leave to proceed *in forma pauperis* or to sign the application and affidavit presently before the Court, thereby declaring under penalty of perjury that the information contained in the application is true and complete," and thus, the request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED** solely as to Nakamoto, IH4 Prop. Ga., LP v. Moreland, CIVIL ACTION FILE NO. 1:15-cv-01663-RWS-AJB, 2015 WL 13777027, at *2 (N.D. Ga. May 15, 2015), adopted by 2015 WL 13777396, at *1 (N.D. Ga. June 15, 2015).

2