## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SATOSHI NAKAMOTO, *et al.*,

    Plaintiffs,

          v.

UNITED STATES, *et al.*,

    Defendants.

Civil Action No.
1:21-cv-04260-SDG

### OPINION AND ORDER

This matter is before the Court on a frivolity review of the Complaint. Because the Complaint is frivolous, it must be **DISMISSED,** and the pending motions are **DENIED AS MOOT**.

## I.    Background

This action was initiated on October 13, 2021, by the filing of an application to proceed *in forma pauperis* (IFP).[1] The application was granted solely for the purpose of this Court conducting a frivolity review.[2] The caption of the Complaint identifies Plaintiffs as Satoshi Nakamoto and Robert Meyring.[3] However, neither one of these individuals is actually prosecuting this case.[4] "Satoshi Nakamoto" is

---

[1]    ECF 1.

[2]    ECF 2.

[3]    ECF 3, at 7.

[4]    *See, e.g., id.* at 7 ("I am alias Satoshi Nakamoto . . . .").

the pseudonym commonly ascribed to the person or persons who developed bitcoin.[5] The Complaint identifies Meyring as the attorney for Nakamoto, but there is no indication in the record that Meyring represents anyone in this action as counsel.[6] In fact, the record reveals that Meyring is not participating in this litigation in any fashion. The action was actually filed by Susan Herbert.[7] As the order granting IFP status notes, the IFP application was filed only under the name Satoshi Nakamoto.[8]

The Complaint names as Defendants: the United States; Coinbase/Brian Armstrong (CEO of Coinbase); Craig Wright/Ontier Miami LLC; RPI; Mark Cuban; Robert S. Hart; and Elon Musk.[9] Herbert asserts the Court has jurisdiction under both federal question and diversity of citizenship.[10] She claims that her

---

[5]   https://en.wikipedia.org/wiki/Satoshi_Nakamoto, last visited June 29, 2022.

[6]   ECF 3, at 4. For instance, the Local Rules require that counsel provide their bar number on all filings and file all documents electronically, LR 5.1(G), NDGa; *id.* App'x H § I.A.1 to .2., § II.C.1. *Compare with* ECF 3, 5, 6.

[7]   *See, e.g.,* ECF 3, at 9 ("Susan Herbert the direct victim states . . . ."); *id.* at 9–10. *See also* ECF 5, at 23 ("I am Native American, woman and in my 50s.").

[8]   ECF 2, at 1–2 n.2.

[9]   ECF 3, at 2, 6.

[10]   *Id.* at 3.

rights under the 9th and 14th Amendments have been violated and that her intellectual property was stolen; she seeks $1 billion in damages.[11]

## II.    Legal Standard

An *in forma pauperis* complaint must be dismissed if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial

---

[11]    *Id.* at 3, 5.

disincentives that help deter the filing of frivolous lawsuits by paying litigants.")
(citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

## III.   Discussion

The Court recognizes that Herbert is appearing *pro se*. Thus, it must construe
the Complaint leniently and hold it "to less stringent standards than formal
pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal
citations omitted) (internal quotation marks omitted). *See also Tannenbaum v.
United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must
comply with the threshold requirements of the Federal Rules of Civil Procedure.
*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP
litigant is in court, he is subject to the relevant law and rules of court, including
the Federal Rules of Civil Procedure"). Despite this deferential standard of review,
the Complaint is frivolous, fails to state a claim, and seeks monetary damages
against a Defendant entitled to immunity. 28 U.S.C. § 1915(e)(2)(B).

### a.   Herbert cannot proceed on behalf of Nakamoto or Meyring, or under a pseudonym.

As the magistrate judge has already pointed out, non-lawyer plaintiffs
seeking to proceed *pro se* cannot represent the interests of anyone other than

themselves.[12] 28 U.S.C. § 1654; *Nat'l Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984). Thus, Herbert cannot bring suit on behalf of Meyring or Satoshi Nakamoto. She may only assert claims on her own behalf. Moreover, absent some special circumstance justifying an anonymous proceeding, Herbert must pursue such claims in her own name. To the extent she is attempting to use Nakamoto or Meyring as a pseudonym, she has shown no basis to proceed in this manner. Fed. R. Civ. P. 10(a).

      **b.**    **The Complaint alleges no waiver of the United States' sovereign immunity.**

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) (citations omitted). Here, the Complaint identifies no source of waiver of the United States' sovereign immunity, such as the Federal Tort Claims Act, 28 U.S.C. § 1346. *Id.* at 1378–79. In the absence of such a waiver, Herbert cannot pursue claims against the United States. And, given the general lack of clarity in the Complaint's allegations (discussed below), the Court will not speculate as to a possible basis for a waiver of immunity here.

---

[12]   ECF 2, at 1–2 n.2.

      **c.**    **The Complaint contains no allegations showing the Court has personal jurisdiction over any other Defendant.**

A plaintiff bears the initial burden of alleging sufficient facts to make out a prima facie case that the Court has personal jurisdiction over a nonresident defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). None of the Defendants are alleged to be citizens or residents of the State of Georgia. They are identified as residing in California, Florida, New York, and Texas.[13] For this Court to exercise long-arm jurisdiction over them, it would have to (1) be appropriate under the Georgia long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (citation omitted). The Complaint here does not get past the first step.

Georgia's long-arm statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

> (1) Transacts any business within this state.

---

[13]   ECF 3, at 2, 6.

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; [or]

(4) Owns, uses, or possesses any real property situated within this state.

O.C.G.A. § 9-10-91. No Defendant has any alleged connection to Georgia.[14] There are no allegations that any Defendant transacts business in Georgia, committed a tort in Georgia, engages in a persistent course of conduct in Georgia, or owns real property in Georgia. Herbert is not a resident of Georgia and suffered no alleged injury here.[15] Accordingly, there is no basis for the Court to exercise personal jurisdiction over any of the remaining Defendants.

### d.    The Complaint is a shotgun pleading.

To the extent the Court is able to decipher anything from the Complaint, Herbert seems to suggest that she created a form of cryptocurrency and that the United States and others stole from her or misused the intellectual property related

---

[14]    *See generally* ECF 3.

[15]    *Id.* at 1. *See also generally* ECF 3.

to the cryptocurrency. It is unclear how any supposed thefts or misuse occurred, and what conduct Defendants engaged in that allegedly violated Herbert's constitutional or any other rights. Save the bare claim that Herbert has been harmed to the turn of $1 billion, the Complaint does not explain how any particular Defendant injured her. Most of the pleading is an incomprehensible, stream-of-consciousness railing against a variety of unrelated targets.[16]

A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, No. 19-14194, 2020 WL 2175959, at *1 (11th Cir. May 6, 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). Such a pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted), "making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief," *Jackson*, 898 F.3d at 1356. This type of complaint "patently violate[s]" federal pleading standards "because it is impossible to comprehend which specific factual allegations the plaintiff intends

---

[16] *Id.* at 10 (mentioning, *inter alia*, the Magna Carta, Jefferson, Queen Elizabeth II, psychiatry, and the alleged theft of Herbert's home).

to support which of his causes of action, or how they do so." *Id.*; *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

Specifically, the Complaint is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 (citations omitted). It also suffers from the defect of failing to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323 (citations omitted). The pleading does not make clear how Herbert was allegedly injured by each Defendant, what claims she is pursuing, or the factual support for each claim. *Carmona v. Citimortgage, Inc.*, No. 1:11-cv-516-TCB-ECS, 2011 WL 13319715, at *1 (N.D. Ga. May 31, 2011) (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting that shotgun pleadings are "framed in complete disregard of the principle that separate, discrete causes of action should be plead[ed] in separate counts.")). *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

The complete lack of clarity in the Complaint places a significant burden on the Court. *See, e.g., Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("Shotgun pleadings . . . waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the

public's respect for the courts."). Further, allowing this action to proceed would prejudice the putative Defendants, none of whom would have any ability to frame a cogent response to Herbert's cryptic allegations. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

## IV.   Conclusion

The Complaint is frivolous and is **DISMISSED**. All pending motions [ECF 5–ECF 9] are **DENIED AS MOOT**. Accordingly, the Clerk is **DIRECTED** to **CLOSE** this case.

Generally, when a *pro se* plaintiff's complaint is dismissed as a shotgun pleading, it is appropriate to permit her to replead if she may be able to correct the deficiencies in her pleading. *Estate of Bass*, 947 F.3d at 1358; *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). Here, however, there are other fatal defects in the pleading: It is not clear who the actual parties in interest are supposed to be; what the alleged injuries of the actual party in interest are; what Defendants are alleged to have done to injure that person; how the putative claim against the United States is not barred by sovereign immunity; or how the Court may properly exercise jurisdiction over any individual Defendant. In short,

everything that is necessary for a pleading to satisfy the Federal Rules of Civil Procedure is missing from the Complaint. Despite the Court's doubt about Herbert's ability to correct the deficiencies in her Complaint, it will permit her the opportunity to replead.

Susan Herbert shall have 14 days after entry of this Order to file an amended complaint in her own name that complies with this Order, the Federal Rules of Civil Procedure, and this Court's Local Rules. Should Herbert file such an amended pleading, the Court will evaluate it for frivolity. In the interim, the Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED** this 21st day of September, 2022.

Steven D. Grimberg
United States District Court Judge